UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID JAY TYSON,<br><br>        Plaintiff,<br><br>   -against-<br><br>FEDERAL BUREAU OF INVESTIGATION;<br>NICHOLAS RODGERS; JOHN DOE 1; JANE<br>DOE 1; JANE DOE 2,<br><br>        Defendants. | 22-CV-3555 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. He asserts claims under the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution, as well as claims under the Fourteenth and Fifteenth Amendments. By order dated May 3, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.

  The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff David Jay Tyson alleges the following facts. In 1987, Nicholas Rodgers, "John Doe," and two "Jane Does" broke into Plaintiff's house and stole his invention – the Flashing Footwear. (ECF 2 at 5.) The Federal Bureau of Investigation (FBI) eventually investigated, and Rodgers and the Doe defendants "confessed to the crime and clearly st[a]ted, 'Flashing Footwear . . is David Tyson['s] property." (*Id.*) The FBI, however, "never ever spoke to [Plaintiff] about [his] property" though the FBI "spoke to other[s], [telling them that Plaintiff] was rich, which

2

resulted in [him] being fearful for [his] life." (*Id.*) Moreover, "because of [Plaintiff's] political belie[fs], the FBI refused to return [his] property." (*Id.*)

The FBI also harassed Plaintiff's family members, urging them "not to help" him and "on several occasions br[oke] into [his] residence without a search warrant [to take] pictures of [his] other inventions." (*Id.* at 6.) As a result, Plaintiff has "been d[a]maged mentally and [his] relationship with [his] family is destroyed." (*Id.*)

Plaintiff seeks "a full criminal investigation" and asks the Court to order the FBI to return his prototypes for "Flashing Footwear and the tongue switch." (*Id.*)

## DISCUSSION

**A.    Constitutional Violations**

Plaintiff asserts claims against the FBI for violations of his constitutional rights. The complaint might therefore be liberally construed as asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [42 U.S.C. § 1983]."). Because the purpose of an implied *Bivens* action "is to deter individual federal officers from committing constitutional violations," *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001), the only proper defendant for a *Bivens* claim is an individual federal official, *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). A *Bivens* claim therefore will not lie against the FBI, and Plaintiff could only pursue such a claim against individual FBI agents.[1]

---

[1] Moreover, as a federal agency, the FBI enjoys sovereign immunity. *See, e.g.*, *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

The Court declines to grant Plaintiff leave to amend his complaint to name individuals who were personally involved because the allegations do not state a claim for a violation of Plaintiff's constitutional rights. Plaintiff relies on the Eighth Amendment, but that applies to convicted prisoners, and he is not incarcerated. *See, e.g., Ingraham v. Wright*, 430 U.S. 651, 664 (1977) (holding that the Eighth Amendment "was designed to protect those convicted of crimes" and did not apply to school discipline). He also cites to the Fifteenth Amendment, which granted all men the right to vote, regardless of race, color, or previous condition of servitude, U.S. Const., Art. XV, and has no apparent relevance to the facts alleged in the complaint. *See Guinn v. United States*, 238 U.S. 347, 355 (1915) (holding that "by the 15th Amendment the states were prohibited from discriminating as to suffrage because of race, color, or previous condition of servitude").

Plaintiff also invokes the Fourteenth Amendment, which governs, among other things, a claim that state actors deprived a plaintiff of property without due process of law. Any due process claim against federal agents, if such a *Bivens* claims would lie, would arise under the Fifth Amendment, not the Fourteenth Amendment. *Malloy v. Hogan*, 378 U.S. 1, 8 (1964) ("The Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement."). Moreover, because the Federal Tort Claims Act provides an adequate post-deprivation remedy for property loss due to the random, unauthorized actions of federal agents, and this remedy is available to Plaintiff for any such loss, the allegations do not state a procedural due process claim under the Fifth Amendment. *See, e.g., Friedman v. Young*, 702 F. Supp. 433, 437 (S.D.N.Y. 1988) (finding that the FTCA provides a sufficient post-deprivation remedy, thereby precluding a Fifth Amendment procedural due process claim); 28 U.S.C. § 1346(b)(1) (The FTCA authorizes "claims against the United States,

for money damages ... for injury or loss of property ... caused by the negligent or wrongful act ... of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.").

The allegations that the FBI entered Plaintiff's home to take photographs or to steal the prototypes of Plaintiff's inventions might suggest a claim under the Fourth Amendment, but the Court finds no possibility of relief based on the allegations in the complaint here either. First, Plaintiff alleges that his claims arose in 1987, and it therefore appears that any Fourth Amendment claim against an individual defendant would be time-barred under the applicable three-year limitations period. *See Gonzalez v. Hasty*, 802 F.3d 212, 219-20 (2d Cir. Sept. 3, 2015) (holding that for claims arising in New York, "[t]he statute of limitations for *Bivens* claims is governed by the statute of limitations applicable to New York state law" personal injury claims, which is three years). Second, these allegations, taken as a whole, are implausible. *See Iqbal*, 556 U.S. at 680 (holding that a complaint does not comply with Rule 8 if plaintiff has not "nudged [his] claims . . . across the line from conceivable to plausible") (citation omitted).

In sum, because Plaintiff cannot state a claim on which relief can be granted under *Bivens*, the Court declines to grant Plaintiff leave to amend to name individual FBI agents whom he alleges were personally involved in violating his rights decades ago.

**B.    Supplemental Jurisdiction of State Law Claims**

In addition to Plaintiff's claims against the FBI, he asserts claims against Nicholas Rodgers and John and Jane Does. Plaintiff alleges that these individual defendants broke into his house to steal his inventions and that they eventually confessed this to the FBI. Because these individuals are not alleged to have been acting under color of state law, the allegations do not state a claim under 42 U.S.C. § 1983. *See West v. Atkins*, 487 U.S. 42, 48-49 (1988) (holding that

to state a claim under Section 1983, a plaintiff must allege that a person acting under the color of state law (a "state actor") violated a right secured by the Constitution or federal law). It therefore appears that Plaintiff's claims against the individual defendants arise under state law.

A district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses Plaintiff's *Bivens* claims for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(E)(2)(B)(ii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of Plaintiff's state law claims.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 16, 2022
        New York, New York

                                               /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                               Chief United States District Judge