UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID JAY TYSON, SR.,

               Plaintiff,

     -against-

FEDERAL BUREAU OF INVESTIGATION, et al.,

               Defendants.

22-CV-3555 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On May 16, 2022, the Court dismissed Plaintiff's federal claims for failure to state a claim on which relief can be granted, 28 U.S.C. § 1915(E)(2)(B)(ii), and declined, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of his state law claims. On May 24, 2022, Plaintiff filed a notice of appeal, and a request for an extension of time to appeal, which the Court denied as moot because his notice of appeal was timely. (ECF 8.) By mandate issued November 21, 2022, the Court of Appeals for the Second Circuit dismissed the appeal on the ground that it lacked "an arguable basis either in law or in fact." *Tyson v. Fed. Bureau of Investigation*, No. 22-1164 (2d Cir. Nov. 21, 2022).

      More than a year after this action was closed, Plaintiff filed an application styled as a "proposed order to show cause without emergency relief" in this closed matter. (ECF 13.) He also filed a supporting affidavit. (ECF 11).[1] In his application, Plaintiff seeks the return of property. The Court liberally construes this submission as a motion for relief from a judgment or

---

[1] Plaintiff's application was filed on July 31, 2023, and entered on the docket on August 16, 2023. (ECF 13.) Plaintiff also filed a "certificate of service" reflecting that he has sought "rehearing" in the United States Supreme Court. (ECF 12.)

order under Rule 60(b) of the Federal Rules of Civil Procedure. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Plaintiff seeks the return of his property, which he had alleged in the complaint was taken from him in 1987 by agents of the Federal Bureau of Investigation. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motion under any of these clauses is denied.[2]

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y*

---

[2] Even if Plaintiff had asserted a ground for relief under Rule 60(b)(1), (2), or (3), which he has not, his motion also was not filed within one year of the date judgment entered, on May 16, 2022.

*of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Accordingly, the Court denies Plaintiff's motion for reliev.

## CONCLUSION

Plaintiff's "proposed order to show cause without emergency relief," which the Court has construed as a motion for reconsideration of the order and judgment dismissing this action (ECF 11-13), is denied.

This action is closed. The Clerk of Court will accept for filing in this closed action only documents that are directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 31, 2023
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

3